## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PATRICIA MCKUSSICK,

   Plaintiff,

-VS-

NAVIENT SOLUTIONS, LLC.,

   Defendant.

_____/

CASE NO.: 6:17-cv-498-ORL-40-TBS

## **COMPLAINT**

COMES NOW Plaintiff, Patricia McKusick, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## **INTRODUCTION**

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, LLC from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Brevard County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

10.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.      Plaintiff is an "alleged debtor."

12.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.      Defendant, NAVIENT SOLUTIONS, LLC, is a corporation which was formed in Delaware with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301

14.      The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     NAVIENT SOLUTIONS, LLC is a "creditor" as defined in Florida Statute §559.55(5)

16.     NAVIENT SOLUTIONS, LLC called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times since November of 2016, in an attempt to collect an alleged debt.

17.     NAVIENT SOLUTIONS, LLC attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from NAVIENT SOLUTIONS, LLC.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (321) ***-4142, and was the called party and recipient of Defendant's calls.

20.     Beginning in or about November of 2016, NAVIENT SOLUTIONS, LLC began bombarding Plaintiff's cellular telephone (321) ***-4142 in an attempt to collect on a student loan.

21.     In or about November of 2016, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number, met with an extended pause, held the line, was eventually connected to a live representative, and informed an agent/representative of Defendant that she was unemployed and demanded that they cease calling her aforementioned cellular telephone number.

22.     During the aforementioned phone call with Defendant in or about November of 2016, Plaintiff unequivocally revoked any express consent Defendant may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

24.     Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

25.     Additionally, on or about December 8, 2016, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent of Defendant, and informed the agent/representative of Defendant that she had previously informed them not to call her cellular phone, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

26.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have had to call her aforementioned cellular telephone number.

27.    The Plaintiff's requests for the harassment to end were ignored.

28.    From approximately November of 2016 through approximately the filing of this Complaint, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiff's repeated requests for the calls to stop.

29.    From about November of 2016 through the filing of this Complaint, Defendant has placed approximately two hundred (200) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of at least one hundred and twenty two calls from December 15, 2016 to February 2, 2017.)

30.    NAVIENT SOLUTIONS, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31.    NAVIENT SOLUTIONS, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or NAVIENT SOLUTIONS, LLC, to remove the number.

32.    NAVIENT SOLUTIONS, LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT SOLUTIONS, LLC they wish for the calls to stop.

33.    NAVIENT SOLUTIONS, LLC has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34.    NAVIENT SOLUTIONS, LLC has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35.    NAVIENT SOLUTIONS, LLC has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36.    NAVIENT SOLUTIONS, LLC's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

37.    NAVIENT SOLUTIONS, LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38.    Not a single call placed by NAVIENT SOLUTIONS, LLC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39.    NAVIENT SOLUTIONS, LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40.    From each and every call placed without consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

41.    From each and every call without express consent placed by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone

unavailable for legitimate callers or outgoing calls while the phone was ringing from NAVIENT SOLUTIONS, LLC's calls.

42.     From each and every call placed without express consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43.     Each and every call placed without express consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44.     Each and every call placed without express consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

45.     Each and every call placed without express consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

46.     Each and every call placed without express consent by NAVIENT SOLUTIONS, LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

47.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

### COUNT I
### (Violation of the TCPA)

48.     Plaintiff fully incorporates and realleges paragraphs _____ through _____ as if fully set forth herein.

49.     NAVIENT SOLUTIONS, LLC willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified NAVIENT SOLUTIONS, LLC that she wished for the calls to stop.

50.     NAVIENT SOLUTIONS, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, LLC for statutory damages,

punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

51.    Plaintiff fully incorporates and realleges paragraphs ___ through ___ as if fully set forth herein

52.    At all times relevant to this action NAVIENT SOLUTIONS, LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

53.    NAVIENT SOLUTIONS, LLC has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

54.    NAVIENT SOLUTIONS, LLC has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

55.    NAVIENT SOLUTIONS, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio Gomez, Esquire
Florida Bar #:  0338620
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:  (813) 223-5505
Fax:  (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*